UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RICKEY HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05-CV-295 |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | Judge Curtis L. Collier |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Plaintiff Rickey Howard ("Plaintiff") initially brought this action on October 24, 2005 seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding Plaintiff's Motion for Judgment on the Pleadings (Court File No. 7) and Defendant's Motion for Summary Judgment (Court File No. 11). The magistrate judge filed a R&R (Court File No. 16) recommending the decision of the Commissioner be affirmed, Defendant's motion for summary judgment be granted, Plaintiff's motion for judgment on the pleadings be

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is, therefore, automatically substituted as the defendant in this civil action, and no further action is necessary to continue this case.

denied, the Commissioner's decision be affirmed, and the case be dismissed. Plaintiff filed timely objections to the R&R (Court File No. 17).

I.  **Standard of Review**

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, *4 (6th Cir. Feb. 2, 1999).

II.  **FACTUAL BACKGROUND**

The magistrate judge's R&R engaged in an extensive discussion of the administrative

proceedings, how disability benefits are determined, and the ALJ's findings. The R&R also discussed the evidence and testimony given at the hearing before the ALJ. Plaintiff did not object to these portions of the R&R. Therefore, the Court will **ACCEPT** and **ADOPT** those portions of the R&R (Court File No. 16, pp. 1-17).

### III.  ANALYSIS

Plaintiff makes five objections to the R&R which can generally be stated as follows: (1) the R&R incorrectly overruled Plaintiff's argument the record is incomplete and remand is required under statute; (2) the R&R fails to address the uncertainty of the decision due to the vocational expert's testimony; (3) the R&R did not study the failures of the ALJ to properly credit subjective symptoms; (4) the R&R did not appreciate the substance of Plaintiff's complaint regarding the ALJ's duty to develop the record; and (5) Plaintiff has proven a risk of prejudgment from the record. The Court will address each of these in turn.

#### A.  Objection #1: The Record is Incomplete and a Remand is Required

Plaintiff contends the record is incomplete because certain portions of the medical expert's ("ME") testimony were transcribed as inaudible, and as such, a remand is required (Court File No. 17, Plaintiff's Objections to the R&R, ("Obj."), at 1). The magistrate judge concluded a remand was not warranted because only a small portion of the transcript was inaudible, and it would not bolster Plaintiff's case or deprive him of the opportunity for judicial review. Plaintiff argues Defendant is required by 42 U.S.C. § 405(g) to file a complete transcript of proceedings upon which the decision was made. Plaintiff appears to take issue with the fact the magistrate judge did not address his argument from the statutory position or legal authority requiring Defendant to file the transcript but

3

instead relied on "non-binding authority from the 8th Circuit Court of Appeals." Obj. at 2.

While § 405(b) does require the Commissioner to file, with the answer, a certified copy of the transcript of the record, including the evidence upon which the findings and decision complained of are based, the statute gives no guidance as to what should be done in the event the Commissioner files the transcript but it contains an inaudible portion.[2] The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has yet to issue a decision as to what standard should be applied when confronted with such an issue. In such situations, it is perfectly fine for the magistrate judge and this Court to rely on the persuasive authority provided by other courts. Thus, the magistrate's R&R correctly states the law applicable to this objection. *See* R&R at 29-30.

After a close review of the record, the Court agrees there was no ground to remand this case for a rehearing based upon the lack of a complete transcript. A plain reading of the statute reveals the Commissioner is required to file the transcript, which was done in this case. Although there are inaudible portions of the transcripts, those inaudible portions do not support a finding that the Commissioner did not file a transcript of the record in this case. The only way such a finding could be made is if the inaudible portions prevent judicial review or bolster Plaintiff's arguments. *See Williams v. Barnhart,* 289 F.3d 556, 557-58 (8th Cir. 2002) ("Absent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record."). Plaintiff makes no arguments the inaudible portion of the transcript will hinder this Court's ability to review this case.

---

[2]The Court notes Plaintiff included a portion of § 405(b) in his objection in the form of a blocked quotation, and put the portions he believed to be relevant to his position in boldface print. *See* Obj. at 1-2. However, one such portion, located on page two of Plaintiff's objections, was not relevant to the determination at all since it is only applicable when a case has been remanded upon the Commissioner's motion and showing there was new evidence.

Plaintiff does, however, argue one of the inaudible portions would bolster his case. The portion of the transcript Plaintiff refers to is as follows:

> Q. Absolutely. The question I have for you though is could the findings that this man has in the record that you've observed objectively support a complaint of highly limiting pain, in your opinion?
> A. If the findings of the patient has, provides for the [INAUDIBLE].

(A.R. at 936). He argues although this portion of the ME's testimony was transcribed as inaudible, it was not inaudible during the hearing. Plaintiff argues it will bolster his case because the ME testified Plaintiff's "objective findings could support the allegations of severe pain that would disable" (Obj. at 3-4). Even if Plaintiff's recollection of the ME's testimony, which was transcribed as inaudible, is accurate, the portion that was transcribed shows the answer was qualified with "if". Because the answer was qualified with the word "if", the ME's answer was not as definite as Plaintiff represents. In any event, the ME also described Plaintiff, in response to the ALJ's hypothetical, in a way to suggest he could perform light and sedentary work. *See* A.R. at 928-30. Since substantial evidence existed to support the ALJ's decision, the inaudible portion would not bolster Plaintiff's case and a remand is not required.

### 1. Request for Audio Recording of Hearing

In both his objections to the R&R (Obj. at 1) and a separate motion (Court File No. 18), Plaintiff requests the Court to require Defendant to produce the hearing audiotape. As cause, Plaintiff states the tapes "would materially assist the Court should the portions of the tape marked as inaudible by the stenographer be decipherable by the Court" (Court File No. 18). In analyzing Plaintiff's objection regarding the inaudible portion of the ME's testimony, the Court assumed Plaintiff's interpretation of the ME's testimony was accurate, yet found Plaintiff still was not entitled to relief. Therefore, there is no reason to order production of the hearing audiotape, and Plaintiff's

request will be **DENIED** (Court File No. 18).

> B. Objection #2: The R&R Fails to Address the Uncertainty of the ALJ Decision due to the Vocational Expert's Testimony

Plaintiff appears to argue the vocational expert ("VE") did not understand or apply the hypothetical question asked. As support, Plaintiff argues the VE suggested the carpet sewer position, a medium work position, as one Plaintiff could perform and not the ticketer position. The magistrate judge found the VE's testimony at the hearing was not highly questionable, and as such, it constituted substantial evidence in support of the Commissioner's finding Plaintiff retained the residual functional capacity ("RFC") to perform a significant number of jobs existing in the national and local economy. The Court finds the magistrate judge's R&R correctly states the law applicable to this objection (R&R at 21-22).

Plaintiff does not object to the ALJ's hypothetical, so the Court finds it accurately portrayed Plaintiff's impairments. In response to the ALJ's hypothetical, the VE stated Plaintiff could perform about 20 percent of the 1,400 light occupations and 30 percent of all sedentary occupations (A.R. 960-1). One of the positions identified by the VE was the carpet sewer position. Although the VE called it a carpet sewer position, he gave the citation for a ticketer position (code 229.587-018), and then gave a description of a position which did not exactly match the description of a ticketer (A.R. 968-9). The carpet sewer position is described as medium work while the ticketer position is described as light work.

Even if the Court assumes the VE was referring to the carpet sewer position and it is a medium work position, that does not mean the VE did not understand the hypothetical.[3] This is

---

[3]In fact, it is possible the VE confused the carpet sewer and ticketer positions since both involve sewing and carpets. *See* Dictionary of Occupational Titles, Definitions Code Nos. 787.682-

because in addition to the carpet sewer position, the VE identified other positions, such as security officer, delivery driver, sealer, inspector and cashier. All of these positions are either light or sedentary positions, and Plaintiff did not object to them. Therefore, the Court finds, excluding any uncertainty that may have occurred with the VE's description of the carpet sewer position, the ALJ still had ample and accurate evidence about the types of positions Plaintiff could perform.

> **C.    Objection #3: The R&R did not Study the Failures of the ALJ to Properly Credit Subjective Symptoms**

Plaintiff argues the ALJ did not properly credit his subjective symptoms. The magistrate judge found substantial evidence supported the ALJ's decision. The magistrate judge correctly stated the law applicable to this objection.

Essentially, Plaintiff's argument is the ME testimony established the objective findings were hidden due to Plaintiff's periodic use of steroids. Specifically, Plaintiff states "[t]he import of the ME testimony is that the relatively moderate findings were deceptive and did not represent the full severity of the condition" (Obj. at 5). The Court believes Plaintiff's interpretation of the ME's testimony is somewhat of an exaggeration. While the ME did give testimony to suggest Plaintiff's use of steroids could have affected the manifestation of his rheumatoid arthritis, it does not necessarily follow that the medical records were deceptive and/or did not represent the full severity of Plaintiff's condition.

Even if the doctor's statements could reasonably be interpreted as Plaintiff has interpreted them and that interpretation supported a finding Plaintiff's subjective complaints of pain were credible, Plaintiff's argument still misses the mark. "The findings of the Commissioner are not

---

014 and 229.587-018, available at http://www.oalj.dol.gov/libdot.htm

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 525 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Here, the ALJ found Plaintiff "has medically determinable impairments, which could produce some degree of restriction" (A.R. at 23). However, after considering Plaintiff's statements about his symptoms and evaluating them in relation to the objective and laboratory medical evidence, the ALJ concluded Plaintiff's complaints were not credible since the record did not support the severity of Plaintiff's complaints. It is proper to consider a claimant's credibility when evaluating complaints of pain. *Bartyzel*, 74 Fed.Appx. at 525; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ reached this conclusion after relying on permissible factors such as statements by the ME that a hypothetical patient with a clinical picture similar to Plaintiff could perform a reduced range of light and sedentary work, examination findings of Plaintiff's treating doctors, medical x-rays, and Plaintiff's own description of his activities of daily living (A.R. at 23-24). Thus, the ALJ's decision regarding this issue was supported by substantial evidence on this record.

**D.      Objection #4: The R&R did not Appreciate the Substance of Plaintiff's Complaint Regarding the ALJ's Duty to Develop the Record**

Plaintiff appears to argue the R&R assumes the inaudible portion of the ME's testimony was inaudible at the hearing.[4] Plaintiff argues the real issue is the ALJ failed to presume reasonableness in the doctor's answer solely because the word was not in the question. Plaintiff's objection centers around the same dialogue cited in this memorandum's discussion of objection number two. *See*

---

[4]The Court notes Plaintiff mischaracterized and/or misunderstood this portion of the magistrate judge's R&R. The magistrate judge specifically stated "the record does not indicate the response at the hearing was actually inaudible" (R&R at 25).

8

*supra* Part III-A.  The magistrate judge concluded Plaintiff's argument the ALJ failed to fully and fairly develop the record is without merit.

The ALJ has only a basic obligation to develop a full and fair record.  *Lashley v. Sec. of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).  This obligation rises to a special duty where the claimant is unrepresented, incapable of presenting an effective case or unfamiliar with hearing procedures.  *Id*; *Trandafir v. Comm'r of Soc. Sec.*, 58 Fed.Appx. 113, 115 (6th Cir. 2003);  *Norman v. Comm'r Soc. Sec. Admin.*, 37 Fed.Appx. 765 (6th Cir. 2002).  Here, the ALJ only had a basic obligation to develop a full and fair record since Plaintiff was represented by counsel.  The record shows the ALJ fulfilled his basic obligations.  As the magistrate judge noted, the record in this case is voluminous as evidenced by the length of the record (over 900 pages) and the length of the hearing, which was almost two hours long.  The ALJ relied on Plaintiff's medical records and testimony as well as the testimony of the VE and ME in reaching his decision.

While Plaintiff argues the ALJ "presumed to ascribe unreasonable positions and answers to the medical expert," he cites no portion of the record where that occurred.  Plaintiff appears to want to impose on the ALJ a duty to question witnesses where Plaintiff's counsel has asked a question that misses the mark.  Plaintiff has cited no cases, and the Court has not found any, imposing this burden on the ALJ where Plaintiff has representation at the hearing.  As such, Plaintiff's objection is without merit, and the Court finds the ALJ adequately developed the record.

**E.     Objection #5: Plaintiff has Proven a Risk Of Prejudgment from the Record**

Plaintiff argues the record shows a risk of actual bias or prejudgment was present in this case. The magistrate judge found Plaintiff did not produce evidence to overcome the presumption of impartiality on the part of the ALJ. The Court finds the magistrate judge correctly stated the law

applicable to this objection.

Plaintiff alleges the ALJ made comments, prior to the hearing, that were demeaning and sarcastic (Court File No. 7, Affidavit of Plaintiff ("Pl.'s Aff."), at ¶2). Plaintiff states his overall impression was the ALJ had decided not to grant him disability before he heard any testimony. *Id*. at ¶6. In support, Plaintiff points to the following comments: (1) prior to any witness testimony, the ALJ stated, "I'm adding all of this into a pile, and I'm saying light and sedentary unskilled work. How do I get away from that? Where do you want me to focus my attention?" (A.R. 901-2); and (2) at the end of the hearing, the ALJ stated, "[a]nd he obviously had, you know, what would you call it? I wouldn't say well founded, but he has a personally deeply held commitment to not working. I mean he's been out for five years after having worked 15 or 17 years in a row. So I mean he certainly believes it" (A.R. at 971).

The Court concludes these comments are not sufficient to establish prejudgment or bias on the part of the ALJ. When taken in context, the first comment relied on Plaintiff, which was made by the ALJ prior to the commencement of witness testimony, was merely the ALJ's attempt to focus in on what the key issues in the hearing would be. While questioning Plaintiff's attorney, the ALJ stated, "one of the things I like to do with representatives is to give them my interpretation of the records and to get you to be [sic] helping [sic] me to focus on what's the big issue. What's the significant factor?" (A.R. at 902). Therefore, it appears the ALJ had reviewed the medical records prior to the commencement of the hearing, stated his preliminary thoughts on the case, and wanted Plaintiff's counsel to advise him on which issues to focus on during the hearing. The Court does not believe this shows bias or prejudgment.

Likewise, the comment made at the end of the hearing, while inappropriate and unnecessary,

does not provide a basis on which to conclude the ALJ exhibited bias or prejudged Plaintiff's case. This comment came after almost two hours of testimony where the ALJ actively asked questions to get an understanding of Plaintiff's alleged disability and the type of work Plaintiff would be able to perform. The ALJ's lack of sensitivity and poor choice of words in describing Plaintiff's convictions with respect to his alleged disability do not serve as proof of bias or prejudgment. Therefore, the Court concludes Plaintiff did not present evidence to overcome the presumption of impartiality on the part of the ALJ nor has Plaintiff produced evidence the ALJ was biased.

## IV. CONCLUSION

The Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 21) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), and accordingly will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 8), **GRANT** Defendant's motion for summary judgment (Court File No. 11), and **AFFIRM** the Commissioner's decision denying benefits to Plaintiff. Additionally, Plaintiff's motion to produce the hearing audio tape will be **DENIED** (Court File No. 18).

An order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**